COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-319-CV

 

 

ROBERT SOLIS                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

In two issues, Robert Solis
complains of the trial court=s dismissal of his Rule 202 petition and resulting denial of Ameaningful access to the courts.@  We reverse and remand.

 








II. Background

Solis claims that he received
a foot injury in September 2004, while in the recreation yard in the James
Allred Unit of the Texas Department of Criminal Justice-Institutional Division
(ATDCJ-ID@) and was
thereafter denied appropriate medical attention.  Wishing to petition for a redress of his
alleged grievances resulting therefrom, he sought the identity of certain
employees of the TDCJ-ID and the Texas Tech University Health Sciences Center
but was unable to obtain these names.  He
then filed a pleading in the trial court which, while not denominated as such,
appears to be a Rule 202 petition, enumerating numerous people Aentitled to notice@ for Ainvestigation
of potential claim@ and seeking
to depose them.  Tex. R. Civ. P. 202.  The petition was later denied along with two
motions for bench warrants and a motion to set the case for a hearing on the
merits of Solis=s petition,
and the cause was dismissed.  This appeal
resulted.

III. Lack of Service

In his first issue, Solis
complains that the trial court dismissed his petition, and did so without a
hearing that had been requested.  The
State responds that Solis never served the people he wanted to depose pursuant
to the petition, so the dismissal was proper. 
Rule 202.3(a) reads,








(a) Personal
Service on Witnesses and Persons Named. 
At least 15 days before the date of the hearing on the petition, the
petitioner must serve the petition and a notice of the hearingCin
accordance with Rule 21aCon
all persons petitioner seeks to depose and, if suit is anticipated, on all
persons petitioner expects to have interests adverse to petitioner=s in
the anticipated suit.

 

Tex. R. Civ. P. 202.3(a).

The problem with the State=s argument is that the hearing was never set by the court, even after
being requested to do so by Solis, and hence the fifteen-days-before-hearing
deadline for service never came into play, particularly since the rule seems to
imply that the proposed deponents will be notified simultaneously of the
petition and its hearing date.  Hence, we
hold that dismissing the petition for want of service was improper.[2]


 

 

 

 

 

 








IV. Conclusion

Having sustained Solis=s first issue, it being thereby unnecessary to reach his second issue,
we reverse and remand the trial court=s judgment for further proceedings.

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

CAYCE,
C.J. concurs without opinion.

 

DELIVERED:
June 29, 2006











[1]See Tex. R. App. P. 47.4.





[2]The order denying relief, which
also dismisses the cause, does not contain grounds for the dismissal, nor is
there a motion to dismiss or notice of dismissal docket in the file, and the
State=s letter brief addresses only the
failure-to-serve argument; hence, only that ground is addressed.